## THE UNION NATIONAL BANK, Appellant, v. FRANK ROCKEFELLER, Respondent.

### Kansas City Court of Appeals, May 25, 1908.

1. **GUARANTY: Construction: Debts Covered.** A guaranty set out in the opinion is held not to be one for the payment of a debt accrued in reliance on the guaranty but a contract to pay any debt which certain others might owe the plaintiff and for the payment of which the guarantor's principal may become liable.

2. ———: ———: ———: **Credit.** *Held*, the fact that the word "credit" used in the subsequent sentence, waiving notice, etc., does not confine the guaranty to the debts made on the faith of the guaranty, since that would destroy the meaning of the words "become liable for" used in the instrument.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

REVERSED AND REMANDED (*with directions*).

*Elijah Robinson* for appellant.

(1) That appellant could have maintained a suit against said commission company for the amount so retained by it cannot be controverted. Forge Co. v. Cullen, 105 Mo. App. 484; Thorn L. & Co. v. Bank, 158 Mo. 272; Mfg. Co. v. Gerodi, 166 Mo. 142; Rothwell v. Skinker, 84 Mo. App. 169; Glenco L. & C. Co. v. Wind, 86 Mo. App. 163. (2) The term "all debts," used in said guaranty, is very broad, and unquestionably includes the liability of said commission company to appellant for the amount of the proceeds of the mortgaged cattle, which it retained to pay said note. 3 Black, Com., 154; Dellinger v. Tweed, 66 N. C. 213; United States v. Colt, 25 Fed. Cas., No. 14839; Stock Co. v. Clark, 95 Ala. 323; Harris v. Larson, 24 Utah 139; Slaughter v. Louisville, 89 Ky. 123; Danforth v. McCook Co., 11 S. D. 264; Meriwether v. Garrett, 102 U. S. 513; McNeal v. Waco, 89 Tex. 88; State v. Mace, 5 Md. 338; Kalkhoff v. Nelson, 60 Minn. 290; Bernham v. Milwaukee, 98 Wis. 132; Baltimore v. Gille, 31 Md. 390; In re Lambre, 94 Mich. 491; Charleston v. Phosphate Co., 34 S. C. 545; Pine v. Rikert, 21 Barb. (N. Y.) 475; Cole v. Anne, 40 Minn. 81; Melvin v. State, 121 Calif. 24; Lovejoy v. Foxcraft, 91 Me. 382; Lockhart v. Van Alstyne, 31 Mich. 78; Laporte v. Telegraph Co., 146 Ind. 466; Davenport v. Kleinschmidt, 6 Mont. 536.

*Gage, Ladd & Small* for respondent.

(1) The instrument of guaranty is, by its express terms, prospective and covers only future advances, or contracts. (2) Words of general import will not be construed as retrospective, although susceptible of such meaning. If inadequate expressions are used, they will be presumed to refer only to future transactions." Stearns on Law of Suretyship, sec. 55; 14 Am. and Eng.

Ency. of Law (2 Ed.), p. 1129; Brandt on Suretyship and Guaranty, sec. 95; People v. Lee, 104 N. Y. 449. (3) The liability of the commission company to the appellant was undertaken by the company prior to the execution of the guaranty, and is, therefore, not embraced within the terms of the guaranty. Schmucker v. Sibert, 18 Kan. 111; Wright v. Johnson, 8 Wend. 512. (4) There is no liability under this guaranty upon any implied obligation of the company to apply the proceds of the sale of cattle to the payment of the note. Voorhees v. Ex'rs of Woodhull, 33 N. J. Law 496; 15 Am. and Eng. Ency. of Law (2 Ed.), p. 1078; Houck v. Bridwell, 28 Mo. App. 648; Suits v. Taylor, 20 Mo. App. 173. (5) The plaintiff advanced or parted with no money under the guaranty. Maddox v. Duncan, 143 Mo. 613; Mitchell v. Railton, 45 Mo. App. 273; Bank v. Goldstein, 86 Mo. App. 516; Plow Co. v. McCullough, 102 Mo. App. 458. And it would have been necessary to give such notice within a reasonable time. Harvester Co. v. Sulser, 78 Mo. App. 670; Stove Co. v. Hardware Co., 93 Mo. App. 237.

ELLISON, J.—Plaintiff's action is based on defendant's written guaranty, and was tried on an agreed statement of facts. Defendant prevailed in the trial court.

On November 26, 1900, one Alexander executed a negotiable promissory note to the Siegel-Sanders Live Stock Commission Company for $1,858.42, due in six months, which would be May 29, 1901. Alexander, at the same time, executed to the commission company a mortgage on a lot of cattle to secure the payment of the note, which provided that whenever the cattle were marketed by Alexander he was to ship them to the commission company, which company were to sell them and apply the proceeds, after deducting commissions, on the note. On December 26, 1900, plaintiff purchased

the note in due course with the commission company's endorsement thereon, the mortgage being delivered to plaintiff with the note. On February 9, 1901, the defendant delivered to plaintiff his written guaranty in the following words: "For a valuable consideration to us in hand paid by the Union National Bank, of Mahonoy City, Pennsylvania, we, the undersigned, do hereby agree to make and guarantee to the Union National Bank, of Mahonoy City, Pennsylvania, any and all debts which the Siegel-Sanders Live Stock Commission Company, a corporation, doing business in Kansas City, Missouri, may from time to time contract or become liable for to said bank, however said debts may be contracted or evidenced. This guarantee shall be an open one and cover debts aggregating one hundred thousand dollars, at any one time and shall continue at all times unconditional until revoked by us; and for the consideration aforesaid we hereby waive all notice to us or either of us of the beginning or ending of credit which said bank may give to said company under this guarantee (and) of the state of its indebtedness at any or all times."

On April 17, 1901, the cattle were put on the market and were sold by the commission company for more than enough to pay the note and commissions for the sale; but the company failed to turn over any part of the proceeds of the sale to the plaintiff as required by the mortgage. Instead, it kept the amount of the note, and paid the balance to Alexander. On May 6, 1901, defendant revoked the guaranty by his letter to plaintiff of that date. On May 29, 1901, the note became due and was properly protested and the commission company notified.

Is the defendant liable on his guaranty to plaintiff, under the foregoing facts? It is apparent that plaintiff did not purchase the note with the commission company's endorsement, on the faith of the guaranty,

for that was not given for nearly six weeks after the purchase was made,. and the indebtedness of the commission company, which arose from a sale of the cattle on April 17th, though this was after the guaranty, was an indebtedness arising out of a contract made before the guaranty; and therefore it cannot be said to have arisen on the strength of the guaranty. That is to say, the plaintiff did not permit the commission company to become.indebted to it on the faith of the guaranty— plaintiff did not extend credit to the commission company by reason of the guaranty.

But this is not a case of one permitting an indebtedness to.arise, it is not a case of one permitting another to become his debtor in reliance upon a guaranty. It is a case of a contract to pay to the plaintiff bank any debt which others owe the bank, for the payment of which the commission company may become liable to the bank.  Our construction of the guaranty is that it agrees to do two things: first, to guarantee the payment to plaintiff of "all debts" which the commission company may thereafter contract; and, second, to guarantee the payment of all debts of other persons to plaintiff which such company may thereafter "become liable for." In ordinary understanding of language, the commission company did not contract the debt in question; on the contrary, it was payable to the company, it was the company's credit or asset.  It was an indebtedness contracted by Alexander to the company before the guaranty, but the company became liable for it to the bank after the guaranty, and plaintiff's claim is, therefore, within the very letter of the agreement.

Defendant invokes the last clause of the guaranty to sustain his contention that liability of defendant depends on credit having been extended on the faith of the guaranty.  In other words, that plaintiff must have permitted a debt to be contracted to it on the faith of the guaranty.  That view would confine the contract

of guaranty to debts contracted by the company, as distinguished from debts which the company may "become liable for," which, as we have seen, would be in the face of a plain provision of another part of the contract. The clause referred to reads that notice is waived "of the beginning or ending of credit which said bank may give to said company under this guaranty (and) of the State of its indebtedness at any or all times." The word "and" is conceded to belong where we have placed it and to have been omitted by clerical error. The clause rightly considered harmonizes with the construction of the guaranty we have already stated. That is, that while the first part of the clause implies that credits must be extended on faith of the guaranty, yet the latter part of it, "the state of its indebtedness," will include debts which the company had "become liable for."

The import of the word "debt" and the general principles as to the construction of contracts of guaranty have been well discussed by the respective counsel, as will be seen by reference to their briefs. We have adopted that of the plaintiff. The judgment will be reversed and cause remanded with directions to enter judgment for the plaintiff. All concur.